Reversed & Remanded and Opinion filed May 22, 2008








Reversed &
Remanded and Opinion filed May
22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00923-CV

____________

 

BENNETT TRUCK TRANSPORT, LLC, Appellant

 

V.

 

WILLIAMS BROTHERS CONSTRUCTION, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 849496

 



 

O P I N I O N

Appellant Bennett Truck Transport, LLC appeals from the
trial court=s order granting summary judgment against it on its
claim against appellee William Brothers Construction.  Because we conclude
material fact issues exist, we reverse and remand.

                                                  Background








Bennett is a for-hire motor carrier in the business of
transporting goods.  The Texas Department of Transportation (ATxDOT@) issued a permit
to Bennett to transport an oversized manufactured housing unit within Texas on
a specified route.  The permit directed Bennett to travel through Houston,
Texas southward on Loop 610 and to exit from Loop 610 onto Highway 59 South. 
However, due to road construction being conducted by Williams Brothers, the
lanes on the exit ramp had been narrowed and were too narrow to accommodate the
oversized load.  As Bennett=s driver traveled on the exit ramp, the
manufactured home was damaged beyond repair.  As a common carrier, Bennett paid
the housing unit owner $24,340 for damage to the home.

Nearly two years after the accident, Bennett sued Williams
Brothers, claiming that Williams Brothers negligently failed to place proper
signs alerting drivers to the narrowed lanes, as required by its contract with
TxDOT.  Williams Brothers moved for summary judgment, arguing that Bennett did
not have standing because it did not own the housing unit and the owner had not
assigned its claim to Bennett.  Williams Brothers asserted that Bennett was a
settling joint tortfeasor and was prohibited from seeking contribution from
Williams Brothers as a co-tortfeasor under Beech Aircraft Corp. v. Jinkins,
739 S.W.2d 19 (Tex. 1987).  Bennett responded that it was not seeking
contribution but was claiming a right to reimbursement based on equitable
subrogation, arguing that, as a common carrier, it was an insurer of the
property and thus entitled to subrogation.  Williams Brothers also moved for
summary judgment on the ground that it was protected from liability by section
97.002 of the Texas Civil Practice and Remedies Code, which protects those who
contract with TxDOT for road repairs if they comply with relevant contract
specifications.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 97.002 (Vernon
2005).  Bennett responded that Williams Brothers did not comply with the
contract specifications, which required proper signage.  The trial court
granted summary judgment without specifying the basis, and this appeal
followed.  In two issues, Bennett argues that the trial court erred in granting
summary judgment because it is entitled to proceed under an equitable
subrogation theory and because Williams Brothers is not protected from
liability under section 97.002.








Standard of Review

The
standard of review for a traditional motion for summary judgment is whether the
successful movant at the trial level carried its burden of showing that there
is no genuine issue of material fact and that judgment should be granted as a
matter of law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).  A defendant must conclusively negate at least
one essential element of each of the plaintiff=s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Under this traditional
standard, the court must take as true all evidence favorable to the nonmovant
and must make all reasonable inferences in the nonmovant=s favor.  See id.  When, as
here, the trial court does not specify the basis for its summary judgment, we
will affirm the judgment if any one of the theories advanced in the motion is
meritorious.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157
(Tex. 2004).

                                                   Section
97.002

Section 97.002 of the Civil Practice and Remedies Code
provides:

A contractor who constructs or
repairs a highway, road, or street for the Texas Department of Transportation
is not liable to a claimant for . . . property damage . . . arising from the
performance of the construction or repair if, at the time of the  . . .
property damage, . . . the contractor is in compliance with the contract
documents material to the condition or defect that was the proximate cause of
the . . . property damage . . . .








Williams
Brothers moved for summary judgment, arguing that it complied with all TxDOT
contract requirements and therefore is protected from liability.  In its second
issue, Bennett argues that summary judgment on this basis was improper because
a fact issue exists regarding Williams Brothers=s compliance.  We
agree.  Williams Brothers=s contract with TxDOT required proper
signage to notify motorists of any lane narrowing.  Williams Brothers presented
evidence that it generally complied with the contract signage requirements and
that at least one employee checked the site multiple times daily to ensure all
signs were in place.  However, Bennett presented an affidavit from its driver
stating that as he was traveling from Loop 610 approaching the exit for Highway
59 south, a route he had traveled many times before, Athere were not any
signs indicating that there were narrowed lanes on the ramp.@  A Williams
Brothers manager testified that even though he could not recall any signs
missing, he could not testify that at the exact date and time of the accident,
a sign was present.  Based on this evidence, we conclude that a fact issue
exists as to whether, despite its policy and belief to the contrary, the
necessary signs were in place when Bennett=s driver passed
through the exit ramp.  Therefore, the trial court erred to the extent that it
granted summary judgment on this basis, and we sustain Bennett=s second issue.

                                             Equitable
Subrogation








A common carrier is one who holds itself out to the general
public as engaged in the business of transporting persons or property from one
place to another.  See BML Stage Lighting, Inc. v. Mayflower Transit, Inc.,
14 S.W.3d 395, 402 (Tex. App.CHouston [14th Dist.] 2000, pet. denied). 
It is undisputed that Bennett was transporting the housing unit as a common
carrier.  Unless provided otherwise by law, the duty of a common carrier is as
provided at common law.  Tex. Transp.
Code Ann. ' 5.001(a)(1) (Vernon 1999).  At common
law, common carriers were generally liable as insurers for any loss or injury
to the property occurring during transport.  See Travelers Ins. Co. v. Delta
Air Lines, Inc., 498 S.W.2d 443, 445 (Tex. Civ. App.CTexarkana 1973, no
writ) (AAt common law the
common carrier was an insurer of goods entrusted to it for shipment and
could only be relieved from liability for failure to deliver by showing
affirmatively that such failure to deliver was due to one of several recognized
exceptions . . . .@ (emphasis added)); see also Common
Carrier Motor Freight Ass=n v. NCH Corp., 788 S.W.2d 207,
209 (Tex. App.CAustin 1990, writ denied) (noting general rule that A[a]t common law,
the carrier is fully liable for all damage to cargo in its possession@); Mo. Pac.
R.R. v. John B. Hardwicke Co., 380 S.W.2d 706, 707 (Tex. Civ. App.CSan Antonio 1964,
no writ) (describing general common law shipper liability rule and exceptions
and stating that A[w]here the loss is not due to one of
these specified causes, it is immaterial whether the carrier has exercised due
care or was negligent@).

In its first issue, Bennett argues that because it paid the
loss to the housing unit=s owner as an insurer, it is entitled to
seek reimbursement under the theory of equitable subrogation.  When an insurer
pays a loss, the insurer becomes equitably subrogated to its insured=s rights and
stands in the insured=s shoes against the tortfeasor who caused
the loss.  See Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537,
541  (Tex. App.CCorpus Christi 1993, writ denied); accord
Ward v. Allied Van Lines, Inc., 231 F.3d 135, 140 (4th Cir. 2000).[1]  
Equitable subrogation is a Alegal fiction@ whereby an
obligation that is extinguished by a third party is treated as still existing
to allow the creditor to seek recovery from the primarily liable party.  See
Murray v. Cadle Co., No. 05-06-01481-CV, __ S.W.3d __, 2008 WL 1838014, at
*5 (Tex. App.CDallas Apr. 25, 2008, no pet. h.).  The party claiming
entitlement to equitable subrogation must prove that it acted involuntarily in
paying a debt and that the debt was one on which the other party is primarily
liable.  See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d
765, 774 (Tex. 2007); Murray, 2008 WL 1838014, at *6.  Texas courts are
particularly hospitable to the doctrine.  Murray, 2008 WL 1838014, at
*5.








We agree that Bennett is entitled to attempt to prove its
equitable subrogation theory.  Bennett paid full damages to the property owner
as an insurer, and thus it should not be precluded from pursuing equitable
subrogation as a matter of course without examining the facts of the case.  See
Ward, 231 F.3d at 139B40 (holding that because common carriers
are insurers and insurers have subrogation rights, common carriers have
subrogation rights).  Williams Brothers asserts that common carriers are not
truly insurers because they can avoid liability in some circumstances.  See
Travelers Ins. Co., 498 S.W.2d at 445; Mo. Pac. R.R., 380 S.W.2d at
707.  That common carriers may have different avenues to avoid liability does
not negate that they are generally liable for any property damage during
transit, regardless of their own negligence.  See Mo. Pac. R.R., 380
S.W.2d at 707.  Williams Brothers asserts that Bennett=s driver was
likely negligent and thus, Williams Brothers Ais no more >primarily liable= than Bennett and
its driver.@  As discussed above, Williams Brothers=s negligence is in
dispute, and as Bennett points out, Bennett=s negligence or
lack thereof is a fact issue for the jury.  Equitable subrogation is an
equitable remedy that involves balancing of all the equities in the
circumstances, including any negligence of the party seeking subrogation.  See
Murray, 2008 WL 1838014, at *6 (stating that Aeach case turns on
its own facts when the issue is one of purely equitable subrogation@ and that factors
to consider in balancing the equities include Athe negligence of
the party claiming subrogation@); see also Providence Inst. for Savs.
v. Sims, 441 S.W.2d 516, 519 (Tex. 1969) (noting that a factor of Asome importance@ in assessing
equitable subrogation is A[n]egligence on the part of one seeking
subrogation@).  Further, a party is not entitled to equitable
subrogation if it pays a debt for which it was primarily liable.  See
Mid-Continent, 236 S.W.3d at 776 (explaining that when one pays a debt upon
which it is primarily liable, it fails to satisfy >the traditional
subrogation requirement that the subrogee pay a debt for which another was
primarily liable@).  Thus, the issue of the parties= negligence and
who is primarily liable for the accident must be decided by a factfinder.








Williams Brothers asserts that Bennett is really a joint
tortfeasor seeking contribution based on Williams Brothers=s percentage of
responsibility, which is barred by the Texas Supreme Court=s opinion in Jinkins. 
The Jinkins court held that Aa defendant can
settle only his proportionate share of a common liability and cannot preserve
contribution rights under either the common law or the comparative negligence
statute by attempting to settle the plaintiff=s entire claim.@  739 S.W.2d at
22.  The court was concerned, among other things, about the settling party
assuming multiple roles, explaining that Athe settling
defendant=s unusual posture as surrogate plaintiff, co-defendant
and cross-plaintiff will confuse a jury and possibly prejudice the remaining
parties.@  Id.  We
conclude Jinkins does not apply in this situation.  Jinkins
prohibits a defendant from settling a plaintiff=s entire claim by
paying more than its proportionate share of responsibility and then hoping to
obtain reimbursement from other joint tortfeasors.  See id.  That did
not happen here.  Bennett did not voluntarily pay the owner=s entire damagesCit was required to
do so because of its status as a common carrier.  See Common Carrier Motor
Freight Ass=n, 778 S.W.2d at 209; Travelers
Ins. Co., 498 S.W.2d at 445; Mo. Pac. R.R., 380 S.W.2d at 707. 
Williams Brothers emphasizes that allowing Bennett=s suit will
require Bennett to play multiple roles as plaintiff and co-defendant, thereby
implicating the policy concerns in Jinkins.  However, equitable
subrogation claims often involve multiple roles, such as when an insurer
pursues a claim on behalf of its insured driver where both drivers involved in
an accident are alleged to be negligent.  See Mid-Continent, 236 S.W.3d
at 774 (explaining that subrogation insurers= claims are
subject to any defenses held by the third party against the insured).  Texas
favors equitable subrogation, even though it may involve dual rolesCwhether it is the
insured=s potential
negligence, as in a car wreck case, or the insurer=s potential
negligence, as in this case.  Equitable subrogation has its own unique set of
circumstances and policy considerations, and this is not the situation
contemplated in Jinkins.








We conclude the trial court erred to the extent it granted
summary judgment on Bennett=s equitable subrogation claim.  Fact
issues exist regarding the negligence of both Bennett and Williams Brothers,
and Bennett is entitled to have a jury determine who is primarily liable for
the incident.  We sustain Bennett=s first issue.

Because we have concluded that genuine issues of material
fact preclude summary judgment, we reverse the trial court=s judgment and
remand for further proceedings consistent with this opinion.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 22, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.









[1]  Williams Brothers argues that Bennett has no
standing to bring this suit because it neither owns the property nor received
an assignment of rights from the owner.  However, when an insurer pays an owner=s loss, it becomes the owner of the cause of action
and therefore does not need an assignment.  See Mid-Continent, 236
S.W.3d at 774 (noting that subrogation grants the party seeking it Athe right to pursue reimbursement from a third party@); Thoreson v. Thompson, 431 S.W.2d 341, 347
(Tex. 1968) (stating that insurer paying insured=s loss becomes owner of cause of action); see also Jones Motor Co.
v. Anderson, 602 S.E.2d 228, 230 (Ga. Ct. App. 2004) (explaining that
subrogation eliminates the need for formal assignment of rights).